

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| SERGIO GUADIAN, JR.<br>*Plaintiff.*<br>v.<br><br>RECEIVABLES PERFORMANCE<br>MANAGEMENT, L.L.C.<br>*Defendant.* | CIVIL ACTION NO.<br><br>4-16CV-062-O<br><br>TRIAL BY JURY DEMANDED |

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff Sergio Guadian, Jr., complains of Receivables Performance Management, L.L.C. Defendant, and for cause of action would respectfully show as follows:

### PRELIMINARY STATEMENT

1. This is an action for damages brought by Plaintiff Sergio Guadian, Jr. against Defendant Receivables Performance Management, L.L.C. for violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227(b)(1)(A)(iii).

2. Defendant called Plaintiffs' cellular telephone number using an automated telephone dialing system and should be fully aware that Defendant had no prior express or implied consent to call the cellular telephone. Plaintiff informed Defendant on several occasions to stop calling his cellular telephone but continued to place calls.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 47 U.S.C. §227(b)(3).

4. This Court has jurisdiction over Defendant pursuant to 28 U.S.C. §1391b because Defendant engages in business within this state, to wit debt collection.

5. Venue is proper pursuant to 28 U.S.C. §1391b and 47 U.S.C. §227(b)(3).

6. Venue in the Northern District of Texas, Fort Worth Division is proper in that the Plaintiff resides in State of Texas, Tarrant County, City of Fort Worth, the Defendant transacts business here, and the conduct complained of occurred here.

## PARTIES

7. The Plaintiff in this lawsuit is Sergio Guadian, Jr., (Mr. Guadian, Jr.) a natural person and a citizen of Tarrant County, Texas.

8. Defendant in this lawsuit is Receivables Performance Management, L.L.C. (herein after "Receivables Performance Management") a company with principal office at Receivables Performance Management, L.L.C., 20816 44th Avenue West, Lynnwood, WA 98036.

9. Receivables Performance Management may be served with process by serving its registered agent for service of process: Mark Case, 20816 44th Ave. W, Lynnwood, WA 98036.

## FACTUAL ALLEGATIONS

10. The following telephone numbers are assigned to Receivables Performance Management to use in their daily business operations:

    1. (971) 238-7461
    2. (425) 629-9286
    3. (877) 297-3156

11. On or about June 26, 2015, Receivables Performance Management began calling Mr. Guadian, Jr.'s wireless cellular phone.

12. Receivables Performance Management called Mr. Guadian, Jr.'s cellular telephone number on the following dates and times:

    1. June 26, 2015 at 10:49 a.m.
    2. June 26, 2015 at 07:38 p.m.
    3. June 30, 2015 at 10:05 a.m.
    4. June 30, 2015 at 03:59 p.m.
    5. July 02, 2015 at 09:43 a.m.
    6. July 08, 2015 at 10:12 a.m.
    7. July 08, 2015 at 05:51 p.m.
    8. July 10, 2015 at 03:30 p.m.
    9. July 10, 2015 at 08:10 p.m.
    10. July 12, 2015 at 01:20 p.m.
    11. July 14, 2015 at 12:42 p.m.
    12. July 14, 2015 at 05:29 p.m.
    13. July 16, 2015 at 09:48 a.m.
    14. July 16, 2015 at 05:40 p.m.
    15. July 18, 2015 at 05:52 p.m.
    16. July 20, 2015 at 01:51 p.m.
    17. July 22, 2015 at 04:00 p.m.
    18. July 24, 2015 at 03:37 p.m.
    19. July 28, 2015 at 12:07 p.m.
    20. July 30, 2015 at 01:37 p.m.
    21. August 01, 2015 at 06:25 p.m.
    22. August 03, 2015 at 03:49 p.m.
    23. August 05, 2015 at 06:51 p.m.
    24. August 07, 2015 at 11:30 a.m.
    25. August 13, 2015 at 08:49 a.m.
    26. August 15, 2015 at 05:10 p.m.

13. On June 30, 2015 at 10:05 a.m., July 14, 2015 at 12:42 p.m., July 14, 2015 at 05:29 p.m., June 20, 2015 at 01:51 p.m., and July 30, 2015 at 01:37 p.m., Receivables Performance Management was informed to stop calling the cellular telephone. Receivables Performance Management ignored five (5) requests by Mr. Guadian, Jr. to stop calling the cellular telephone number in question.

14. Each time Mr. Guadian, Jr. answered the incoming telephone call from Receivables Performance Management, there was a noticeable pause before a representative would come on to the line.

15. Mr. Guadian, Jr. has no prior or present established relationship with Receivables Performance Management.

16. Mr. Guadian, Jr. has never given Receivables Performance Management permission to call his cellular telephone at any time.

17. The acts alleged herein all took place in Tarrant County, Texas in that the communications were received there.

18. Receivables Performance Management used an automatic telephone dialing system to dial Mr. Guadian, Jr.'s cellular telephone as defined by the Telephone Consumer Protection Act, 47 U.S.C. §227(a)(1).

19. Receivables Performance Management called Mr. Guadian, Jr.'s cellular telephone for a non-emergency purpose.

## COUNT I

**VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT
47 U.S.C. §227(b)(1)(A)(iii)
BY DEFENDANT RECEIVABLES PERFORMANCE MANAGEMENT, L.L.C.**

20. Plaintiff alleges and incorporates the information in paragraphs 1 through 19.

21. 47 U.S.C. §227(b)(1)(A)(iii) which states in part;

> (b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—
>
>> (1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>>
>>> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>>>
>>> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

22. In each telephone communication referenced in ¶12, Receivables Performance Management has demonstrated willful or knowing non-compliance with 47 U.S.C. § 227 (b)(1)(A) by using an automatic telephone dialing system or used a telephone dialing system that has the *capacity* to automatically call Mr. Guadian, Jr.'s cellular telephone number, which is assigned to a cellular telephone service *with no prior express consent* and for *no emergency purpose*.

23. In each telephone communication referenced in ¶12, Receivables Performance Management has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A)(iii) by using equipment with automatic telephone dialing system or used a telephone dialing system that has the *capacity* to automatically call Mr. Guadian, Jr.'s cellular telephone number, which is *assigned to a cellular telephone service*.

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the Telephone Consumer Protection Act and/or admission from the Defendant(s) that they violated the Telephone Consumer Protection Act;

b) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C §227(b)(3)(B); which states in part: an action to recover for actual monetary loss form such a violation, or to receive $500 in damages for each such violation, whichever is greater.

c) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C §227(b)(3)(C); which states in part: If the Court finds that the Defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the Court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 (three) times the amount available under subparagraph (B) of this paragraph.

d) Awarding such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby demands trial by jury.

Dated: January 20, 2016

Respectfully Submitted,

Sergio Guadian, Jr.
3057 Old Hickory Trail
Forest Hill, TX 76140
(817) 821-0392
guadianjr.sergio@yahoo.com

# CIVIL COVER SHEET

JS 44-TXND (Rev. ...)

**ORIGINAL** — JAN 25 2016 — CLERK, U.S. DIST. COURT, N. DIST. OF TEXAS

Case 4:16-cv-00062-O   Document 1   Filed 01/25/16   Page 7 of 7   PageID 7

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Sergio Guadian, Jr.

**(b)** County of Residence of First Listed Plaintiff: Tarrant
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

## DEFENDANTS
Receivables Performance Management, L.L.C.

County of Residence of First Listed Defendant: Snohomish
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

4-16CV-062-O

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty **Other:** | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education / ☐ 550 Civil Rights / ☐ 555 Prison Condition / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
47 U.S.C. § 227(b)(1)(A)(iii)

Brief description of cause:
Violations of the Telephone Consumer Protection Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED PENDING OR CLOSED CASE(S) IF ANY
*(See instructions):*
JUDGE ____   DOCKET NUMBER ____

DATE: 01/20/2016
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # TW025759   AMOUNT $400   APPLYING IFP N   JUDGE O   MAG. JUDGE